IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENDALL MARKS,

    Plaintiff,

v.

REED MERIDEN, DAVID DOOLEY,
*And All Other Occupants*,

    Defendants.

CIVIL ACTION FILE NO.

1:17-cv-3525-TWT-JKL

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant David Dooley's application for leave to proceed *in forma pauperis* ("IFP") on his notice of removal of a state dispossessory action to this Court. [Doc. 1.] After considering Dooley's application, I find that he meets the requirements for IFP status and **GRANT** his request to proceed IFP pursuant to 28 U.S.C. § 1915(a). Nevertheless, this Court does not have subject matter jurisdiction over the removal action, or, alternatively, the Court should use its discretion to equitably remand the action. I therefore **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Fulton County.

This is Dooley's second attempt to remove his state dispossessory action to federal court. The underlying state court action was initiated in February 2017.[1] Plaintiff Kendall Marks filed a dispossessory complaint alleging that Dooley and Defendant Reed Meriden had a pit bull at the residence, in violation of a provision in the lease agreement prohibiting residents from keeping such animals on the premises. Marks sought possession of the premises and court costs and did not specify a money judgment amount.

On March 9, 2017, Defendants filed a notice of removal in this Court. [Case No. 1:17-cv-843-TWT, Docs. 1-2, 2.] On March 27, the case was remanded for lack of subject matter jurisdiction after the Court concluded that there was no basis for the exercise of federal question jurisdiction, diversity jurisdiction, or supplemental jurisdiction. [*Id.*, Docs. 3, 6.]

On June 27, 2017, the Fulton County Magistrate Court issued an order acknowledging this Court's order remanding the case and directing that the case be set for trial. On July 12, the day before the dispossessory trial, Meriden[2] filed a bankruptcy petition in the U.S. Bankruptcy Court for this District. [*See* NDGA

---

[1] The public docket information for the underlying state dispossessory action may be accessed at https://publicrecordsaccess.fultoncountyga.gov/Portal/.

[2] Defendant Meriden's surname is Mericka in his bankruptcy filings.

Bankr. Case No. 17-62152-pmb, Doc. 1.] The Fulton County Magistrate Court ordered the dispossessory matter stayed pending the bankruptcy action. The bankruptcy petition was dismissed on August 7 for failure to correct a filing deficiency. [*Id.*, Doc. 13.] On August 15, the Fulton County Magistrate Court again set the dispossessory matter for a hearing, to be held on August 29.

On August 29, 2017, Dooley filed a voluntary bankruptcy petition in the Bankruptcy Court for this District. [NDGA Bankr. Case No. 17-65021-wlh, Doc. 1.] His bankruptcy case was dismissed on September 14, 2017, for failure to comply with a court order. [*Id.*, Doc. 14.] That same day, Dooley filed the instant IFP application [Doc. 1] and notice of removal [Docs. 1-1, 1-2], by which he seeks to remove the state dispossessory proceeding to this Court on the basis of the Court's bankruptcy jurisdiction.[3]

Federal courts have original jurisdiction over cases "arising in or related to cases under title 11." 28 U.S.C. § 1334(b). A party may remove a claim or cause of action to the district court "if such district has jurisdiction of such claim or cause of action under section 1334." *Id.* § 1452(a). Subject matter jurisdiction in

---

[3] Defendant Meriden did not sign, join, or consent to the notice of removal, but in removal actions predicated on the Court's bankruptcy jurisdiction, most courts have held that unanimity among defendants is not required. *See Hill v. Re*, 1:16-cv-3942-AT, 2017 WL 1951144, at *3 n.3 (N.D. Ga. May 1, 2017).

bankruptcy cases, as in other removal actions, is assessed at the time of removal. *Hill*, 2017 WL 1951144, at *3 n.4.

"'Related to' subject matter jurisdiction exists when the result of the dispute could conceivably have an effect on the estate being administered in bankruptcy." *Hill*, 2017 WL 1951144, at *5. The jurisdictional grant in § 1334 is "extremely broad." *Cont'l Nat'l Bank of Miami v. Sanchez* (*In re Toledo*), 170 F.3d 1340, 1345 (11th Cir. 1999). A suit could "conceivably" affect the bankruptcy estate "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action," or where the outcome affects "the handling and administration of the bankruptcy estate." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990).

The Court cannot tell on the present record whether Dooley filed his notice of removal before or after his bankruptcy case was dismissed. If, at the time Dooley filed his notice of removal, his bankruptcy case had already been dismissed, he could not rely on § 1452 to remove a state case to federal court. *See Wesley Apartment Homes, Inc. v. Andrews*, No. 1:10-cv-3005-TWT-LTW, 2010 WL 5690356, at *2 (N.D. Ga. Dec. 7, 2010) (concluding that removal of a state dispossessory action under § 1452 was not proper because the bankruptcy

4

petition had been dismissed and the bankruptcy case was no longer pending); *see also Cook v. Chrysler Credit Corp.*, 174 B.R. 321, 327 (M.D. Ala. 1994) ("The court interprets 28 U.S.C. § 1334 to contemplate pending bankruptcy proceedings."). That would end the Court's inquiry, and, assuming that Dooley filed the notice of removal after his bankruptcy case was closed, the Court lacks subject matter jurisdiction over the removal action.

Alternatively, assuming that Dooley filed the instant notice of removal before the Bankruptcy Court dismissed his bankruptcy case, the Court must determine whether there is "related to" jurisdiction under § 1334(b) as of the moment that the notice of removal was filed. The jurisdictional grant in § 1334(b) is broad, although the Court has doubts about the existence of "related to" jurisdiction here. The only issue in Dooley's state dispossessory case is the possession of the premises, and possession in a dispossessory suit is "equitable relief that cannot easily be measured in pecuniary terms." *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001). Nevertheless, the dispossessory proceeding could, and likely will, affect Dooley's rights and liabilities in addition to his right of possession, particularly if the Magistrate Court of Fulton County assesses fees or a money judgment against Plaintiff or

5

Defendants, and the Court is constrained to find that there is "related to" jurisdiction, assuming that the bankruptcy case was open at the time the notice of removal was filed.

The Court *sua sponte* finds it appropriate to remand this matter, however, because the removal action clearly should be adjudicated in state court. Section 1334, sets out the doctrine of discretionary or permissive abstention as follows: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding . . . arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). There is a similar provision in § 1452, which provides, "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." *Id.* § 1452(b). This is referred to as equitable remand. *Lester v. TitleMax of S.C., Inc. (In re TitleMax Holdings)*, 447 B.R. 896, 899 (Bankr. S.D. Ga. 2010). These doctrines may be invoked by the Court *sua sponte*. *Id.* at 900.

Courts consider numerous factors in determining whether permissive abstention or equitable remand is appropriate, including:

(1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the

6

> extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action.

*E.S. Bankest, LLC v. United Beverage Fla., LLC (In re United Container LLC)*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002); *see also N.J. Dep't of Envtl. Prot. v. Occidental Chem. Corp. (In re Maxus Energy Corp.)*, 560 B.R. 111, 124-25 (Bankr. D. Del. 2016) (listing similar factors); *see also TitleMax Holdings*, 447 B.R. at 901 (applying factors in the context of "abstention and/or [equitable] remand"). In light of the fact that the dispossessory proceeding has been pending in state court since February 2017, is predominated by questions of state landlord-tenant law that should be (and in virtually all cases are) resolved in state court, and will have no effect on and is not related to the now-closed bankruptcy estate, these factors counsel equitable remand.

7

Further, the Court previously remanded this removal action for lack of subject matter jurisdiction because there was no federal question or diversity jurisdiction. To the extent that Dooley seeks to relitigate those already decided issues, they are without merit.

In sum, Dooley has demonstrated that he is indigent for purposes of proceeding IFP, and his IFP motion [Doc. 1] is **GRANTED**. Because this Court lacks subject matter jurisdiction over the removal action, or, alternatively, the Court should use its discretion to equitably remand the matter, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Fulton County.

IT IS SO ORDERED AND RECOMMENDED this 19th day of September, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge